UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEODRON LTD., <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STMICROELECTRONICS (NORTH AMERICA) HOLDING, INC., <br><br> Defendants. | Case No.  6:21-cv-00547 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST STMICROELECTRONICS N.V., STMICROELECTRONICS, INC., AND
STMICROELECTRONICS (NORTH AMERICA) HOLDING, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendants STMicroelectronics N.V., STMicroelectronics, Inc., and STMicroelectronics (North America) Holding, Inc. (collectively "STMicroelectronics" or "Defendants"):

**INTRODUCTION**

1. This complaint arises from STMicroelectronics's unlawful infringement of the following United States patent owned by Neodron, which generally relate to touchscreen technology: United States Patent No. 8,749,251 ("'251 patent" or "Asserted Patent").

2. Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets and notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars

1

to the restaurants and stores we visit.

3. But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4. Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5. These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by STMicroelectronics's accused products.

**PARTIES**

6. Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Neodron is the sole owner by assignment of all right, title, and interest in the Asserted Patent.

7. On information and belief, Defendant STMicroelectronics N.V. is a corporation organized under the laws of Switzerland, with its principal place of business at 39 Chemin du Champ-des-Filles, Plan-Les-Ouates, Geneva, CH 1228, Switzerland.

8. On information and belief, Defendant STMicroelectronics, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 39 Chemin du Champ-des-Filles, Plan-Les-Ouates, Geneva, CH 1228, Switzerland.

9. On information and belief, Defendant STMicroelectronics (North America) Holding, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 39 Chemin du Champ-des-Filles, Plan-Les-Ouates, Geneva, CH 1228, Switzerland.

**JURISDICTION AND VENUE**

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over STMicroelectronics in this action because STMicroelectronics has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over STMicroelectronics would not offend traditional notions of fair play and substantial justice. STMicroelectronics, directly and through subsidiaries or intermediaries, has committed and

continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

12. Venue is proper in this District under 28 U.S.C. §1400(b). Upon information and belief, STMicroelectronics has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. STMicroelectronics, Inc. is also registered to do business in Texas. STMicroelectronics has regular and established places of businesses in this District, including at 8501 N. Mopac Expy, Suite 420, Austin, Texas 78757. *See* Exhibit 1.

13. Furthermore, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant STMicroelectronics N.V. is foreign corporation organized under the laws of Switzerland, with its principal place of business in Switzerland.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,749,251

14. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. The '251 Patent, titled "Capacitive Keyboard with Position Dependent Reduced Keying Ambiguity," issued on June 10, 2014, naming Harald Philipp and Kevin Snoad as the inventors. The '251 Patent is based on U.S. Patent Application No. 13/116,764, filed May 26, 2011, which is a continuation of U.S. Patent Application No. 12/179,769 (now U.S. Patent No. 7,952,366), filed July 25, 2008, which claims priority to U.S. Provisional Application No. 60/952,053, filed July 26, 2007. A true and correct copy of the '251 Patent is attached as Exhibit 2. Neodron owns by assignment all rights, title, and interest in the '251 Patent.

16. On information and belief, STMicroelectronics makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products") that directly infringe, literally and/or under the doctrine of equivalents, claims 1-20 of the '251 Patent. The Accused Products include ST products implementing Environment Change System, including without limitation the STM8L1xx, STM8TL5x, STM32L1xx, STM32F0xx, and STM32F3xx series, as well as evaluation and discovery boards implementing that technology, including without limitation STM32072B-EVAL, STM32303C-EVAL, STM32303E-EVAL, STM32L476G-EVAL, STM32L4R9I-EVAL, STM32L552E-EVAL, 32F072BDISCOVERY, 32L0538DISCOVERY, and 32L152CDISCOVERY.

17. STMicroelectronics also knowingly and intentionally induces infringement of claims 1-20 of the '251 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint, STMicroelectronics has had knowledge of the '251 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '251 Patent, STMicroelectronics continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '251 Patent. STMicroelectronics does so knowing and intending that its customers and end users will commit these infringing acts. STMicroelectronics also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '251 Patent, thereby specifically intending for and inducing its customers to infringe the '251 Patent through the customers' normal and customary use of the Accused Products.

18. The Accused Products satisfy all claim limitations of claims 1-20 of the '251 Patent. A claim chart comparing independent claims 1, 10, and 16 of the '251 Patent to a representative Accused Product, the STM32F3 microcontroller ("STM32 MCU"), is attached as Exhibit 3.

19. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, STMicroelectronics has injured Neodron and is liable for infringement of the '251 Patent pursuant to 35 U.S.C. §271.

20. As a result of STMicroelectronics's infringement of the '251 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for STMicroelectronics's infringement, but in no event less than a reasonable royalty for the use made of the invention by STMicroelectronics, together with interest and costs as fixed by the Court.

21. STMicroelectronics's infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '251 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Neodron respectfully requests that this Court enter:

a. A judgment in favor of Neodron that STMicroelectronics has infringed, either literally and/or under the doctrine of equivalents, the '251 Patent;

b. A permanent injunction prohibiting STMicroelectronics from further acts of infringement of the '251 Patent;

c. A judgment and order requiring STMicroelectronics to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for STMicroelectronics's infringement of the '251 Patent; and

d. A judgment and order requiring STMicroelectronics to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against STMicroelectronics; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 28, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA Bar No. 246953)
Kristopher Davis (CA Bar No. 329627)
C. Jay Chung (CA Bar No. 252794)
Christian W. Conkle (CA SBN 306374)
Jonathan Ma (CA Bar No. 312773)
Amy E. Hayden (CA Bar No. 287026)
Philip X. Wang (CA Bar No. 262239)
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
rmirzaie@raklaw.com
kdavis@raklaw.com
jchung@raklaw.com
cconkle@raklaw.com
jma@raklaw.com
ahayden@raklaw.com
pwang@raklaw.com

**Attorneys for Plaintiff Neodron Ltd.**